## IN RE: ONE BAY MARE, etc.
## Case No. AP89-04 (County Court Case No. CC89-758)
Ninth Judicial Circuit, Osceola County

September 5, 1990

### APPEARANCES OF COUNSEL

**F. Wesley Blankner, Jr., Esquire,** for appellant.

**James W. Davis, Esquire,** Assistant County Attorney, for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

Appellant, RHONDA WRIGHT, appeals a non-final order denying her Motion to Dismiss for failing to set a hearing within thirty (30) days, pursuant to Florida Statutes 828.073(2). The County Court failed to have jurisdiction because the time limits are mandatory, and the Motion to Dismiss should have been granted.

Horses were seized and taken from Rhonda Wright's custody during the execution of a search warrant issued in conjunction with an

investigation of criminal animal neglect statutes. Nearly a month later, October 19, 1989, a Petition for Custody of Animals was filed on behalf of Animal Control, alleging that they had seized the horses on September 20, 1989, and currently had custody of the animals.

Appellee argues that the seizure of the animals was made to preserve evidence. This Court agrees that if no Petition had been filed, no rights would have flown to the appellant; however, animal control effectively engaged the time requirements by filing the Petition. This Court can only conclude that the need for preserving the evidence in the criminal investigation had dissipated; still no hearing was set between the seizure and the filing of the Petition. As long as the horses were held to preserve evidence, none would be required.

After the Petition was filed, the 30 day time limit required for setting a hearing expired and no hearing date was set. Subsequently, a Notice of Hearing was filed by James W. Davis, Assistant County Attorney on November 28, 1989, after the 30 day time limit had expired. The hearing was set for December 19, 1989, in excess of the 15 day limit.

A hearing was held on November 28, 1989, the County Court determined that Animal Control had sufficiently complied with the Statute. The County Court ruled that although the hearing was not set within the statutory time frame prescribed, the requirement to conclude the hearing within sixty (60) days after the hearing commenced prevented the County Court from dismissing the action. The statutory language is as follows:

828.073(2) Any law enforcement officer or any agent of any County or of any society or association for the prevention of cruelty to animals appointed under the provisions of Florida Statute 828,073(2) may:

(a) Lawfully take custody of any animal found neglected or cruelly treated by removing the animal from its present location, or

(b) Order the owner of any animal found neglected or cruelly treated to provide certain care to the animal at the owner's expense without removal of the animal from its present location,

and shall forthwith petition the county court judge of the county wherein the animal is found for a hearing, *to be set within 30 days* after the date of seizure of the animal or issuance of the order to provide care *and held not more than 15 days after the setting of such date,* to determine whether the owner, if known, is able to provide adequately for the animal and is fit to have custody of the animal. The hearing shall be concluded and the court order entered

thereon within 60 days after the date the hearing is commenced. No feel shall be charged for the filing of the petition. Nothing herein is intended to require court action for the taking into custody and making proper disposition of stray or abandoned animals as lawfully performed by animal-control agents. (underlining added)

It is apparent on the face of the Statute that the time limits are mandatory. The Legislature is mindful that to take property, living property, from an individual, requires the full protection of the law and the Constitution. The failure to abide by the time limits does effect the due process rights of RHONDA WRIGHT and violates Article I, Section 9 of The Florida Constitution, which provides that no person shall be deprived of life, liberty or property without due process of law.

REVERSED AND REMANDED for action in compliance with this opinion.